UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Jack Fouladi,

             Plaintiff,

             - against -

Cohen & Slamowitz, LLP,

             Defendant.
-------------------------------------------------------------X

Civil Action No.: _____

COMPLAINT AND
DEMAND FOR TRIAL BY JURY

CV 12 112

BIANCO, J.

LINDSAY, M.J.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 10 2012 ★
BROOKLYN OFFICE

Plaintiff Jack Fouladi ("Plaintiff" or "Fouladi"), by and through his attorneys, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for his Complaint against the Defendant Cohen & Slamowitz, LLP ("Defendant" or "SLAMOWITZ"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Sec. 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.     Plaintiff is a resident of the State of New York, County of Nassau, residing at 15 Stuart Street, Great Neck, New York 11023.

3.     Upon information and belief, the Defendant is a law firm specializing in debt collection, with a principal place of business at 199 Crossways Park Drive, Woodbury, New York 11797, and is authorized to do business in the State of New York.

4.     The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC Sec. 1331, as well as 15 USC Sec. 1692 et. seq. and 28 USC Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 USC. Sec. 1367(a).

6. Venue is proper in this judicial district pursuant to 28 USC Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to the Defendant, the Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. On or about November 7, 2011, the Plaintiff's counsel sent a letter to the Defendant in which he notified the Defendant that the Plaintiff was represented by counsel, and he directed the Defendant to send all future communications to the Plaintiff's counsel.

10. On or about December 12, 2011, Defendant sent a letter to the Plaintiff with a copy of a summons despite the knowledge that Plaintiff was represented by an attorney. The Defendant's letter stated that the balance due was $10,492.05.

11. Said letter was from "David A. Cohen, Esq./Mitchell G. Slamowitz, Esq." but the letter was actually unsigned.

12. Upon information and belief, the Defendant's letter was mass produced and mass mailed and no attorney had actually reviewed the subject collection matter.

13. Said letter neglected to disclose that no attorney had actually reviewed the subject collection matter.

14. This lack of actual attorney involvement violated the FDCPA, 15 U.S.C. § 1692e(3).

15. In addition, the Defendant's letter to the Plaintiff violated the provisions of 15 USC § 1692c(a).

16. As a result of Defendant's deceptive, misleading and/or unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 USC §1692e(3).

19. As a result of the Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

20. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this Complaint to which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jack Fouladi, on his behalf, demands judgment against the Defendant Cohen & Slamowitz, LLP, as follows:

A. For actual damages provided and pursuant to 15 USC Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC Sec.1692k(a)(2)(A);

C. For attorneys' fees and costs provided and pursuant to 15 USC Sec. 1692k(a)(3);

D.  For a declaration that the Defendant's practices violated the provisions of the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       January 10, 2012

                    Respectfully submitted,

By: _____
     Samuel A. Ehrenfeld
FREDRICK SCHULMAN & ASSOCIATES
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053